UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CHRISTOPHER CROWN,

                     Plaintiff,

              -against-

Police Officer Christopher Fleming; Undercover Officer, No. 093; Undercover Officer, No. 016; Detective Claude Sumlin; Detective Todd Habersham; Detective Michael Fantroy; Detective Christian McBrearty; Detective Brian Hunt; Lieutenant James Mooney, and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                     Defendants.

------------------------------------------------------------------ x

**AMENDED COMPLAINT**

12 CV 5166 (NRB)(JLC)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Christopher Crown ("plaintiff" or "Mr. Crown") is a resident of New York County in the City and State of New York.

7. Defendant Police Officer Christopher Fleming, Shield No. 3829 ("Fleming"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fleming is sued in his individual and official capacity.

8. Defendant Undercover Officer, No. 93 ("UC93"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant UC93 is sued in his individual and official capacity.

9. Defendant Undercover Officer, No. C016 ("UC016"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant UC016 is sued in his individual and official capacity.

10. Defendant Detective Claude Sumlin, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sumlin is sued in his individual and official capacity.

11. Defendant Detective Todd Habersham, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Habersham is sued in his individual and official capacity.

12. Defendant Detective Michael Fantroy, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fantroy is sued in his individual and official capacity.

13. Defendant Detective Christian McBrearty, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant McBrearty is sued in his individual and official capacity.

14. Defendant Detective Brian Hunt, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hunt is sued in his individual and official capacity.

15. Defendant Lieutenant James Mooney, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mooney is sued in his individual and official capacity.

16. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

17.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

18.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

19.     At approximately 1:30 a.m. on August 5, 2011, plaintiff was lawfully in the vicinity of 102 West 119th Street and Lenox Avenue in New York City.

20.     Plaintiff was walking to a store near his home when defendant officers approached him from behind and ordered him to freeze.

21.     Plaintiff attempted to comply when defendants suddenly began to beat him and swing their batons at him.

22.     Defendants handcuffed plaintiff excessively tight and continued to batter him.

23.     This use of excessive force by the officers caused plaintiff to suffer injuries, including a fracture to his wrist.

24.     Plaintiff was taken to the 25th Precinct.

25.     Plaintiff was taken to Bellevue Hospital from the 25th Precinct.

26.     While at Bellevue, plaintiff was fitted with a cast for his fractured wrist.

27. Plaintiff was taken back to the 25th Precinct.

28. Approximately 12 hours later plaintiff was transported to Manhattan Central Booking.

29. The officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff in possession of marijuana and that plaintiff resisted arrest.

30. The officers had not observed plaintiff in possession of marijuana nor had plaintiff resisted arrest.

31. After spending approximately five and a half days in custody, plaintiff was released on his own recognizance.

32. Plaintiff was forced to appear in criminal court on multiple occasions before the mendacious charges levied against him were dismissed.

33. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

45. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

46. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The individual defendants created false evidence against plaintiff.

49. The individual defendants forwarded false evidence to prosecutors in the Manhattan County District Attorney's office.

50. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure to Intervene

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   November 15, 2012
         New York, New York

                              HARVIS WRIGHT
                              SALEEM & FETT LLP

                              _____
                              Afsaan Saleem
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              asaleem@hwsflegal.com